# EXHIBIT D

# STANDBY CREDITOR'S AGREEMENT

| Standby Creditor | Porta Pellex LLC. |
|---|---|
| Standby Borrower | [HOPLITE ENTERTAINMENT, INC., a California corporation] [HOPLITE, INC., a California corporation] |
| Lender | BAY POINT CAPITAL PARTNERS II, LP, a Delaware limited partnership |

**[HOPLITE ENTERTAINMENT, INC., a California corporation] [HOPLITE, INC., a California corporation]** (Standby Borrower) is indebted to <u>Porta Pellex LLC</u> ([collectively,] Standby Creditor) as of the date of this Agreement (Standby Loan). To induce BAY POINT CAPITAL PARTNERS II, LP, a Delaware limited partnership (Lender) to make a loan to Standby Borrower (Lender's Loan), Standby Creditor agrees:

1. To accept no further payments on the Standby Loan until Lender's Loan is satisfied.

2. To turn over to Lender payments received by Standby Creditor from Standby Borrower in violation of this Agreement within 15 days of receipt.

3. To take no action to enforce claims against Standby Borrower on the Standby Loan until Lender's Loan is satisfied.

4. To take no action against Standby Borrower's collateral, without written consent from the Lender, until Lender's Loan is satisfied.

5. The existing and hereafter acquired liens and security interests of the Lender in any of Standby Borrower's collateral are and shall be senior, regardless of the time, order, lack or method of perfection, to all existing and hereafter acquired liens and security interests, if any, of the Standby Creditor (or any agent therefor) in such collateral, if any, securing all or any portion of the Standby Loan. The Standby Creditor agrees to sign appropriate documentation required by Lender to confirm such subordination of Standby Lender's security interest in the collateral that secures the Standby Loan to Lender's security interest such collateral.

6. Lender, in its sole discretion, may take any action without affecting this Agreement, including but not limited to the following:

    a. Modify the terms of Lender's Loan.
    b. Grant an extension or removal of Lender's Loan.
    c. Defer payments or enter into a workout agreement on Lender's Loan.
    d. Release or substitute collateral securing Lender's Loan.
    e. Forbear from collecting on existing collateral or requiring additional collateral.
    f. Declare a default on Lender's Loan and notify Standby Creditor to stop accepting payment.
    g. Agree to release, compromise, or settlement of Lender's Loan.

7. This Agreement applies to any successor to the Standby Creditor or assignee of this Agreement or of Standby Creditor's Loan, including any bankruptcy trustee or receiver or grantors or sureties of Standby Creditor's Loan.

8. Additional Loans made by Standby Creditor will be subject to the terms of this Agreement, unless Lender agrees otherwise in writing.

9. Standby Creditor hereby (i) consents to and approves of the making of the Lender's Loan, (ii) agrees the execution, delivery and performance of the loan documents evidencing the Lender's Loan will not constitute a default or an event which, with the giving of notice or the lapse of time, or both, would constitute a default under the loan documents evidencing the Standby Loan, (iii) to the extent that the Standby Loan is cross-defaulted with any other indebtedness of the Standby Borrower, a default or event of default under the Lender's Loan shall not constitute a default or an event of default under the Standby Loan.

10. Upon the execution hereof, (1) all of the Standby Creditor's liens on and other security interests in the Specified Collateral (as defined below) will be automatically terminated and released, (2) the Standby Creditor hereby authorizes the Standby Borrower and its agents to file termination statements and other appropriate releases with respect to each financing statement and other instrument filed to perfect any of the security interests and other liens in favor of the Standby Creditor in any of the Specified Collateral, and (3) Standby Creditor shall execute such other lien release documents and take such other actions as Standby Borrower may reasonably request in order to evidence or otherwise give public notice to such collateral terminations and the Standby Borrower or any of their respective agents are authorized to file such documents; provided, however, that any and all such termination statements, releases and other such documents shall be prepared and recorded at the Standby Borrower's expense. As used herein, "Specified Collateral" shall mean any and all accounts receivable, rights to payment and other rights arising from (i) that certain License Agreement dated June 18, 2020, by and between Hoplite Entertainment, Inc. and Big Media Holdings LLC; (ii) that certain Acquisition Agreement dated March 4, 2020, by and between Ineomeida, Inc., d/b/a Fight Channel World Network and Hoplite, Inc.; and (iii) that certain License Agreement dated July 1, 2020, by and between Hoplite Entertainment, Inc. and Big Screen Media Ventures, LLC.

Dated: 9-22-20

Standby Creditor: Porta Pellex LLC

By: (signature) _Noh Bnkin_

(name) _Noah Bronstien_

2