# EXHIBIT H

**NOTE**

$2,000,000.00                                                                                                                                  September 30, 2020

FOR VALUE RECEIVED, HOPLITE ENTERTAINMENT, INC., a California corporation ("Entertainment"), and HOPLITE, INC., a California corporation ("Hoplite"), jointly and severally, as borrowers (Entertainment and Hoplite collectively, the "Borrowers" and each, a "Borrower"), promise to pay to the order of BAY POINT CAPITAL PARTNERS II, LP, a Delaware limited partnership (together with its successors and assigns, "Lender"), as lender under that certain Loan and Security Agreement, dated of even date herewith, between Borrower and Lender (as amended, modified, renewed, replaced, supplemented, or restated from time to time, the "Loan Agreement"), at the office of Lender located at 3050 Peachtree Road NW, Suite 740, Atlanta, GA 30305, the principal sum of TWO MILLION HUNDRED THOUSAND AND NO/100 DOLLARS ($2,000,000.00) (the "Principal Sum"), on the dates and in the amounts provided in the Loan Agreement. Capitalized terms not otherwise defined herein shall have the meanings given thereto in the Loan Agreement.

Borrowers promise to pay interest on the unpaid Principal Sum from time to time on the dates and at the rate or rates provided for in the Loan Agreement and in all cases in accordance with the terms of the Loan Agreement. Interest on any overdue Principal Sum shall accrue at a rate per annum as provided in the Loan Agreement. The outstanding Principal Sum, together with all accrued unpaid interest thereon, shall be due and payable as set forth in the Loan Agreement, and, unless sooner paid, the entire outstanding Principal Sum shall be due and payable in full on the Maturity Date. All such payments of principal and interest shall be made in lawful money of the United States in immediately available funds at the office of Lender designated above or otherwise specified by Lender from time to time pursuant to the Loan Agreement.

All repayments of the Principal Sum shall be recorded by Lender and, prior to any transfer hereof, endorsed by Lender on a schedule attached hereto, or on a continuation of such schedule attached to and made a part hereof; provided that the failure of Lender to make, or any error of Lender in making, any such recordation or endorsement shall not affect the obligations of Borrowers hereunder or under the Loan Agreement.

This Note (this "Note") is a Loan Document and is the "Note" referred to in, and is entitled to the benefits of, the Loan Agreement which, among other things, contains provisions for the acceleration of the maturity hereof upon the happening of certain events, for prepayment of the Principal Sum prior to the maturity hereof and for the amendment or waiver of certain provisions of the Loan Agreement, all upon the terms and conditions therein specified. The obligations evidenced by the Note are secured by the Collateral, in accordance with the terms and conditions of the Loan Agreement.

If an Event of Default shall occur and be continuing, the entire unpaid Principal Sum and all of the unpaid interest accrued thereon may become or be declared due and payable in the manner and with the effect provided in the Loan Agreement.

Each Borrower, for itself, its successors and assigns, hereby waives diligence, presentment, demand, protest, notice of demand, dishonor, protest and nonpayment and any other notice required by law relative hereto, except to the extent as otherwise may be expressly provided for in the Loan Documents. Without limiting the generality of the foregoing, the acceptance by Lender from time to time of any payment

under this Note which is past due or which is less than the payment in full of all amounts due and payable at the time of such payment shall not (i) constitute a waiver of or impair or extinguish the right of Lender to accelerate the maturity of the Obligations or to exercise any other right or remedy at the time or at any subsequent time, or nullify any prior exercise of any such right or remedy, or (ii) constitute a waiver of the requirement of punctual payment and performance or a novation in any respect.

The terms of this Note and of the other Loan Documents shall bind and inure to the benefit of the successors and assigns of the parties. The foregoing sentence shall not be construed to permit any Borrower to assign the Note except as otherwise permitted under the Loan Agreement. As further provided in the Loan Agreement, Lender may, at any time, sell, transfer, or assign all on a portion of its interest in this Note and the other Loan Documents, subject to the terms of the Loan Agreement.

Time is of the essence with respect to Borrowers' obligations under this Note. A determination that any provision of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision and the determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to other persons or circumstances. This Note may not be amended except in a writing specifically intended for such purpose and executed by the party against whom enforcement of the amendment is sought. Any notice, request, or demand to or upon Borrower or Lender shall be deemed to have been properly given or made when delivered in accordance with the Loan Agreement.

Borrowers agree, in the event that this Note or any portion hereof is collected by law or through an attorney at law, to pay all reasonable costs of collection, including, without limitation, attorneys' fees actually incurred, in accordance with the terms and conditions of the Loan Agreement. This Note shall be construed in accordance with and governed by the laws of the State of Georgia, without regard to the conflict of law principles thereof.

[*Remainder of page intentionally blank; signature page follows.*]

IN WITNESS WHEREOF, each Borrower has caused this Note to be duly executed under seal, by its duly authorized officer as of the day and year first above written.

HOPLITE ENTERTAINMENT, INC.

By: _____
Name: Jonathan Smith
Title: CEO

HOPLITE, INC.

By: _____
Name: Jonathan Smith
Title: CEO

42577765