# EXHIBIT I

# GUARANTY AGREEMENT

This GUARANTY AGREEMENT (this "Guaranty"), dated as of September 30, 2020, is made by JONATHAN LEE SMITH, an individual residing in the State of California ("Guarantor"), in favor of BAY POINT CAPITAL PARTNERS II, LP, a Delaware limited partnership (together with its successors and assigns, "Lender").

A. Pursuant to that certain Loan and Security Agreement, dated of even date herewith, by and among Hoplite Entertainment, Inc., a California corporation ("Entertainment"), Hoplite, Inc., a California corporation ("Hoplite", together with Entertainment, the "Borrowers", each a "Borrower"), as borrowers, and Lender (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "Loan Agreement"; capitalized terms used herein but not defined herein have the meaning given to such terms in the Loan Agreement), and the other Loan Documents (as defined in the Loan Agreement), Lender has agreed to make certain loans and other financial accommodations to Borrowers.

B. Guarantor is financially interested in the affairs of Borrowers and expects to derive financial benefits from the loans and other financial accommodations to be provided by Lender to Borrowers under or in connection with the Loan Agreement.

C. This Guaranty is required pursuant to the terms of the Loan Agreement.

**NOW THEREFORE**, in consideration of the foregoing, in order to induce Lender to enter into and make loans and other financial accommodations to Borrower under the Loan Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor agrees as follows:

1. **Guaranty**. Guarantor unconditionally and irrevocably guarantees to Lender the punctual payment and performance of all of the obligations of Borrowers to Lender arising under or in connection with the Loan Agreement and the other Loan Documents, including without limitation the payment of all loans, financial accommodations, and other sums now owing or which may in the future be owing by Borrowers under the Loan Agreement and the other Loan Documents, as and when the same are due and payable, whether on demand, at stated maturity, by acceleration or otherwise, and whether for principal, interest, fees, expenses, indemnification or otherwise (all of the foregoing being the "Guaranteed Obligations"). The Guaranteed Obligations include, without limitation, interest accruing after the commencement of a proceeding under bankruptcy, insolvency or similar laws of any jurisdiction at the rate or rates provided in the Loan Documents. This Guaranty is a guaranty of payment and not of collection only. Lender shall not be required to exhaust any right or remedy or take any action against Borrowers or any other guarantor, person or entity or any collateral. Guarantor agrees that, as between Guarantor and Lender, the Guaranteed Obligations may be declared to be due and payable for the purposes of this Guaranty notwithstanding any stay, injunction or other prohibition which may prevent, delay or vitiate any declaration regarding Borrowers and that in the event of a declaration or attempted declaration, the Guaranteed Obligations shall immediately become due and payable by Guarantor for the purposes of this Guaranty.

2. **Guaranty Absolute**. Guarantor guarantees that the Guaranteed Obligations shall be paid strictly in accordance with the terms of the Loan Documents. The liability of Guarantor under this Guaranty is absolute and unconditional irrespective of: (a) any change in the time, manner or place of payment of, or in any other term of, all or any of the Loan Documents or Guaranteed Obligations, or any other amendment or waiver of or any consent to departure from any of the terms of any Loan Document or Guaranteed Obligation, including any increase or decrease in the rate of interest thereon; (b) any

release or amendment or waiver of, or consent to departure from, or failure to act by Lender with respect to, any other guaranty or support document, or any exchange, release or non-perfection of, or failure to act by Lender with respect to, any collateral, for all or any of the Loan Documents or Guaranteed Obligations, or the release of any Borrower from its respective obligations under the Loan Documents; (c) any present or future law, regulation or order of any jurisdiction (whether of right or in fact) or of any agency thereof purporting to reduce, amend, restructure or otherwise affect any term of any Loan Document or Guaranteed Obligation; (d) any change in the corporate existence, structure, or ownership of any Borrower or the liquidation or dissolution of any Borrower; (e) without being limited by the foregoing, any lack of validity or enforceability of any Loan Document or Guaranteed Obligation; and (f) any other setoff, recoupment, defense or counterclaim whatsoever (in any case, whether based on contract, tort or any other theory) with respect to the Loan Documents or the transactions contemplated thereby which might constitute a legal or equitable defense available to, or discharge of, any Borrower or a guarantor.

3. **Guaranty Irrevocable**. This Guaranty is a continuing guaranty of the payment of all Guaranteed Obligations now or hereafter existing under the Loan Documents and shall remain in full force and effect until payment in full of all Guaranteed Obligations and other amounts payable under this Guaranty and until the Loan Documents are no longer in effect.

4. **Reinstatement**. This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Guaranteed Obligations is rescinded or must otherwise be returned by Lender on the insolvency, bankruptcy or reorganization of any Borrower or otherwise, all as though the payment had not been made.

5. **Subrogation**. Guarantor shall not exercise any rights which it may acquire by way of subrogation, by any payment made under this Guaranty or otherwise, until all the Guaranteed Obligations have been paid in full and the Loan Documents are no longer in effect. If any amount is paid to Guarantor on account of subrogation rights under this Guaranty at any time when all the Guaranteed Obligations have not been paid in full, the amount shall be held in trust for the benefit of Lender and shall be promptly paid to Lender to be credited and applied to the Guaranteed Obligations, whether matured or unmatured or absolute or contingent, in accordance with the terms of the Loan Documents. If Guarantor makes payment to Lender of all or any part of the Guaranteed Obligations and all the Guaranteed Obligations are paid in full and the Loan Documents are no longer in effect, Lender shall, at Guarantor's request, execute and deliver to Guarantor appropriate documents, without recourse and without representation or warranty, necessary to evidence the transfer by subrogation to Guarantor of an interest in the Guaranteed Obligations resulting from the payment.

6. **Subordination**. Without limiting Lender's rights under any other agreement, any liabilities owed by any Borrower to Guarantor in connection with any extension of credit or financial accommodation by Guarantor to or for the account of any such Borrower, including but not limited to interest accruing at the agreed contract rate after the commencement of a bankruptcy or similar proceeding, are hereby subordinated to the Guaranteed Obligations, and such liabilities of such Borrower to Guarantor, if Lender so requests, shall be collected, enforced and received by Guarantor as trustee for Lender and shall be paid over to Lender on account of the Guaranteed Obligations but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty.

7. **Certain Taxes**. Guarantor further agrees that all payments to be made hereunder shall be made without setoff or counterclaim and free and clear of, and without deduction for, any taxes, levies, imposts, duties, charges, fees, deductions, withholdings or restrictions or conditions of any nature whatsoever now or hereafter imposed, levied, collected, withheld or assessed by any country or by any political subdivision or taxing authority thereof or therein ("Taxes"). If any Taxes are required to be

withheld from any amounts payable to Lender hereunder, the amounts so payable to Lender shall be increased to the extent necessary to yield to Lender (after payment of all Taxes) the amounts payable hereunder in the full amounts so to be paid.  Whenever any portion of the Taxes is paid by Guarantor, as promptly as possible thereafter, Guarantor shall send Lender an official receipt showing payment thereof, together with such additional documentary evidence as may be required from time to time by Lender.

      **8. Representations and Warranties**.  Guarantor represents and warrants that:  (a) this Guaranty (i) does not violate any agreement, instrument, law, regulation or order applicable to Guarantor; (ii) does not require the consent or approval of any person or entity, including but not limited to any governmental authority, or any filing or registration of any kind; and (iii) is the legal, valid and binding obligation of Guarantor enforceable against Guarantor in accordance with its terms, except to the extent that enforcement may be limited by applicable bankruptcy, insolvency and other similar laws affecting creditors' rights generally; and (b) in executing and delivering this Guaranty, Guarantor has (i) without reliance on Lender or any information received from Lender and based upon such documents and information it deems appropriate, made an independent investigation of the transactions contemplated hereby, each Borrower's business, assets, operations, prospects and condition, financial or otherwise, and any circumstances which may bear upon such transactions, the obligations and risks undertaken herein with respect to the Guaranteed Obligations; (ii) adequate means to obtain from Borrowers on a continuing basis information concerning Borrowers; (iii) has full and complete access to the Loan Documents and any other documents executed in connection with the Loan Documents; and (iv) not relied and will not rely upon any representations or warranties of Lender not embodied herein or any acts heretofore or hereafter taken by Lender (including but not limited to any review by Lender of the affairs of Borrowers).

      **9. Affirmative Covenants**.

          (a)    <u>Intentionally Omitted</u>.

          (b)    <u>Intentionally Omitted</u>.

          (c)    <u>Financial Information</u>.  Promptly following any written request therefor, such information regarding the operations, business affairs and financial condition of Guarantor or compliance with the terms of this Agreement, as the Lender may reasonably request, including, without limitation, financial statements and tax returns.

          (d)    <u>Financial Reporting</u>.  Guarantor shall deliver to Lender all other reports, information and notices required to be delivered on behalf of Guarantor under the Loan Agreement.

      **10. Remedies**.  Upon the occurrence of any Event of Default or a breach of any of the covenants incorporated herein by reference which continues beyond the applicable period of grace provided for in the Loan Agreement, Lender shall be entitled, in addition to exercising any remedies set forth in this Guaranty or otherwise available at law or in equity, to accelerate Guarantor's obligations hereunder.  The remedies provided in this Guaranty are cumulative and not exclusive of any remedies provided by law.

      **11. Setoff**.  Guarantor agrees that, in addition to (and without limitation of) any right of setoff, banker's lien or counterclaim Lender may otherwise have, Lender shall be entitled, at its option, to offset balances (general or special, time or demand, provisional or final) held by it for the account of Guarantor, against any amount payable by Guarantor under this Guaranty which is not paid when due (regardless of whether such balances are then due to Guarantor).

110278246

**12. Formalities**.  Guarantor waives presentment, demand, notice of dishonor, protest, notice of acceptance of this Guaranty or incurrence of any Guaranteed Obligation and any other formality with respect to any of the Guaranteed Obligations or this Guaranty.

**13. Amendments and Waivers**.  No amendment or waiver of any provision of this Guaranty, nor consent to any departure by Guarantor therefrom, shall be effective unless it is in writing and signed by Lender, and then the waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.  No failure on the part of Lender to exercise, and no delay in exercising, any right under this Guaranty shall operate as a waiver or preclude any other or further exercise thereof or the exercise of any other right.

**14. Expenses**.  Guarantor shall reimburse Lender on demand for all costs, expenses and charges (including without limitation fees and charges of legal counsel for Lender) incurred by Lender in connection with the preparation, performance or enforcement of this Guaranty.  The obligations of Guarantor under this Section shall survive the termination of this Guaranty.

**15. Assignment**.  This Guaranty shall be binding on, and shall inure to the benefit of Guarantor, Lender and their respective successors and assigns; provided that Guarantor may not assign or transfer its rights or obligations under this Guaranty.  Without limiting the generality of the foregoing, Lender may assign, sell participations in or otherwise transfer its rights under the Loan Documents to any other person or entity, and the other person or entity shall then become vested with all the rights granted to Lender in this Guaranty or otherwise.

**16. Captions**.  The headings and captions in this Guaranty are for convenience only and shall not affect the interpretation or construction of this Guaranty.

**17. Notices**.  All notices or demands by any party relating to this Guaranty shall be in writing and shall be personally delivered or sent by a recognized overnight delivery service, certified mail, postage prepaid, return receipt requested, or by electronic mail to Guarantor or to Lender, as the case may be, at its addresses set forth below:

> If to the Guarantor:	Jonathan Lee Smith
> c/o James D. Pacitti, Esq.
> Law Office of James D. Pacitti
> 9107 Wilshire Boulevard, Suite 450
> Beverly Hills, California 90210
> Email: james@pacittilawfirm.com
>
> If to Lender:	Bay Point Capital Partners II, LP
> 3050 Peachtree Road NW, Suite 740
> Atlanta, GA 30305
> Attn:  Charles Andros
> Email:  charlesandros@bay-pointadvisors.com

The parties hereto may change the address at which they are to receive notices hereunder, by notice in writing in the foregoing manner given to the other.

**18. Governing Law; Jurisdiction; Consent to Service of Process**.

4

110278246

      (a)     This Guaranty and any claims, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Guaranty and the transactions contemplated hereby and thereby shall be construed in accordance with and be governed by the law (without giving effect to the conflict of law principles thereof) of the State of Georgia.

      (b)     To the fullest extent permitted by applicable law, Guarantor hereby irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the United States District Court for the Northern District of Georgia, and of the Business Case Division of the Fulton County Superior Court located in Atlanta, Georgia, and of any appellate court from any thereof, in any action or proceeding arising out of or relating to this Guaranty or the transactions contemplated hereby or thereby, or for recognition or enforcement of any judgment, and each of the parties hereto hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such District Court or the Fulton County Superior Court or, to the extent permitted by applicable law, such appellate court.  Each of Guarantor and, by its acceptance hereof, Lender, agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.  Nothing in this Guaranty shall affect any right that Lender may otherwise have to bring any action or proceeding relating to this Guaranty against the Guarantor or its properties in the courts of any jurisdiction.

      (c)     To the fullest extent permitted by applicable law, Guarantor irrevocably and unconditionally waives any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding described in subsection (b) of this Section and brought in any court referred to in subsection (b) of this Section.  Each of the parties hereto irrevocably waives, to the fullest extent permitted by applicable law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

      (d)     To the fullest extent permitted by applicable law, Guarantor irrevocably consents to the service of process in the manner provided for notices in Section 17.  Nothing in this Guaranty will affect the right of Guarantor or Lender to serve process in any other manner permitted by law.

**19.  WAIVER OF JURY TRIAL**.  EACH OF GUARANTOR AND, BY ITS ACCEPTANCE HEREOF, LENDER, HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS GUARANTY OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).  EACH OF GUARANTOR AND, BY ITS ACCEPTANCE HEREOF, LENDER, (i) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (ii) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS GUARANTY BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

**20.  Integration; Effectiveness**.  This Guaranty alone sets forth the entire understanding of Guarantor and Lender relating to the guarantee of the Guaranteed Obligations and constitutes the entire contract between the parties relating to the subject matter hereof and supersedes any and all previous agreements and understandings, oral or written, relating to the subject matter hereof.  This Guaranty shall become effective when it shall have been executed and delivered by Guarantor to Lender.  Delivery of an executed signature page of this Guaranty by PDF, telecopy, or other electronic means shall be effective as delivery of a manually executed signature page of this Guaranty.

[*Remainder of page intentionally blank; signature page follows.*]

**IN WITNESS WHEREOF**, Guarantor has executed this Guaranty Agreement as of the date first above written.

_____
JONATHAN LEE SMITH

ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

State of California _____ )
County of Los Angeles ) ss
                                  )

On September 28, 2020 before me, Alisa Abed-Stephen, personally appeared Jonathan Lee Smith, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Alisa Abed-Stephen_____ (Seal)

ALISA ABED-STEPHEN
Notary Public - California
Los Angeles County
Commission # 2310352
My Comm. Expires Oct 24, 2023

(Serial number, if any) _____

GUARANTY AGREEMENT
SIGNATURE PAGE