# EXHIBIT W

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
 2                          ATLANTA DIVISION

 3   BAY POINT CAPITAL PARTNERS     )
     II, LP,                        )
 4                                  )
                    Plaintiff,      )   CRIMINAL ACTION FILE
 5            v.                    )   NO. 1:21-CV-00375-MLB
                                    )
 6   HOPLITE, INC. ET AL,           )
                                    )
 7                  Defendants.     )
     _____)
 8

 9

10   ----------------------------------------------------------------

11         BEFORE THE HONORABLE MICHAEL L. BROWN
                 TRANSCRIPT OF PROCEEDINGS
12                    MARCH 31, 2021
     ----------------------------------------------------------------
13

14

15

16
           Proceedings recorded by mechanical stenography
17           and computer-aided transcript produced by

18
           JANA B. COLTER, FAPR, RMR, CRR, CRC
19                 Official Court Reporter
                    1949 U.S. Courthouse
20                 75 Ted Turner Drive, SW
                   Atlanta, Georgia  30303
21                    (404) 215-1456

22

23

24

25
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
```

1         But as far as Hoplite, Inc. is concerned, I don't
2 believe it's stayed and I believe Your Honor can go forward as
3 to Hoplite Inc. only.
4         THE COURT:  Well, it does seem to me as though
5 Hoplite, Inc. is still a viable entity here.
6         Which entity is it that you wanted the receiver
7 against?  All of them?
8         MR. WINSBERG:  Originally, it was against all of
9 them, because we didn't know who owned the collateral, so the
10 concern obviously is that the order hasn't been complied with.
11         I mean, it's unrebutted at this point that Mr. Smith
12 never produced his updated financials as required under your
13 February 11th order.
14         It's also -- you can take notice of the fact that we
15 got no additional bank statements, even from Hoplite, Inc.,
16 which isn't in bankruptcy that Your Honor ordered at the
17 hearing last -- on Wednesday.  And we went back and looked at
18 the transcript.  So there's no dispute that Hoplite, Inc. has
19 failed to comply with the order and the lesser remedy therefore
20 fails.  So Yes, Your Honor.
21         THE COURT:  I think that's pretty clear to me.  I
22 think I embraced wholly the idea that I have to look for less
23 restrictive means of doing this.  And I think we have done that
24 with great patience in tiny steps.
25         But, Mr. Cohan, I think they've made a good case, so

Case 2:21-ap-01116-BR    Doc 1-23    Filed 06/25/21    Entered 06/25/21 11:25:35    Desc
Exhibit    Page 4 of 6

7

```
 1  what you're asking me to do is to find today that there has --
 2  as to Hoplite, Inc. that I will assign a receiver because that
 3  has failed in regards to Hoplite, Inc.
 4              Mr. Cohan, what do you say about that?
 5              MR. COHAN:  Well, I say a few things.  First, again,
 6  I think that that is a material infringement on the rights of
 7  John Smith in violation of the automatic stay consistent with
 8  his Chapter 7 bankruptcy.
 9              Two, I say, as a practical matter -- and I realize
10  plaintiff and plaintiffs' lawyers are here asking for this
11  relief, but you have John Smith in a bankruptcy, you have
12  Hoplite Entertainment in a bankruptcy, and Hoplite, Inc., I
13  understand, will be filing a bankruptcy -- it's imminent
14  whatever that means.
15              And I don't -- and I think bankruptcy is effectively
16  a receivership and I don't know what purpose it serves.  And
17  frankly, I think you'll almost be doing plaintiff a favor if
18  you hold for a moment to see if, in fact, Hoplite, Inc. enters
19  bankruptcy in the next day or two.
20              Because otherwise, what are they going to do?
21  They're going to start spending money on a receivership.
22  They're going to go out to California.  They're going to start
23  gathering information.  And then there's going to be a
24  bankruptcy and they're going to have to deal with the
25  bankruptcy court anyway.
```

                        UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF GEORGIA

1   practical, because the money's not there, and bankruptcy is
2   imminent for the company and why bother wasting money and
3   effort when that's going to happen.
4              What does the plaintiff say about that?  Do you want
5   me to hold off and see if they enter bankruptcy?
6              MR. WINSBERG:  At this point, no, Your Honor, because
7   they may never do it.
8              THE COURT:  Okay.
9              MR. WINSBERG:  And the concern we have, Your Honor --
10  I mean, again, just to step back for a second.  Mr. Cohan talks
11  but there's no evidence.  We've had three evidentiary hearings,
12  and at this point, you shouldn't accept the representations.
13             I will note, Your Honor, Your Honor sat through two
14  hearings, including last week, Hoplite Entertainment's -- I
15  have a copy of their bankruptcy petition they filed yesterday.
16  Mr. Smith signs it as president.
17             And Mr. Cohan, himself, admitted at the last hearing
18  he's running the business, so if they file bankruptcy, we'll
19  deal with the bankruptcy case, but until then, if you leave him
20  in charge, he's going to continue to ignore the Court's order,
21  not comply with it and not even show up to explain himself,
22  so --
23             THE COURT:  Yes.  I did have an order on all of that.
24  And I think I have done enough to know that there is no other
25  remedy available, so I will grant that.

```
 1              Will you-all provide me a proposed order?
 2              MR. WINSBERG:  Yes, Your Honor.  We will prepare a
 3   proposed order as to Hoplite, Inc. only.
 4              THE COURT:  Okay.  If you get it to me tomorrow, I
 5   will sign it tomorrow.
 6              MR. WINSBERG:  Thank you, Your Honor.
 7              MR. COHAN:  There is, of course, one other issue
 8   which is a pretty big issue, and that's the Court's subject
 9   matter jurisdiction.
10              THE COURT:  I have looked at that.  I want you to
11   know that I looked very hard at that.  And it may be that there
12   is a jurisdiction issue down the road.  I haven't heard from
13   the plaintiff.  They believe, I think from what I heard last
14   time, that there was -- they believe that they have an answer
15   to it.
16              MR. COHAN:  And I looked at the initial response,
17   Your Honor, and basically what it says is you could still
18   recover damages if they -- if it -- if whatever it is happens
19   after the agreement is signed, nobody says otherwise, but you
20   get to recover those damages because it's a breach of contract,
21   not because it's a fraud and --
22              THE COURT:  Right.  But Ms. Peruach -- am I saying it
23   right, Ms. Peruach?
24              MS. PEURACH:  Yes.
25              THE COURT:  Ms. Peruach had a response the other day
```