# EXHIBIT X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Bay Point Capital Partners II, LP, <br><br> Plaintiff, <br><br> v. <br><br> Hoplite, Inc., Hoplite Entertainment, Inc., and Jonathan Lee Smith, <br><br> Defendants. | Case No. 1:21-cv-375-MLB |

## ORDER

**THIS CAUSE** came before the Court on Plaintiff Bay Point Capital Partners II, LP's Motion for Appointment of Receiver (the "Motion"). (Dkt. 3.) The appointment of a receiver is an extraordinary remedy that is used sparingly. *Ip Co., LLC v. Cellnet Tech. Inc.*, No. 1:06-cv-3048, 2008 WL 11337779, at *1 (N.D. Ga. Dec. 18, 2008). A court should grant such relief only upon a clear showing that: (1) fraudulent activity has occurred or will likely occur; (2) the party seeking receivership has a valid claim to the property that is subject to the proposed receivership; (3) there is imminent danger that the property will be lost or diminished in value; (4) legal remedies are inadequate; (5) less severe equitable

remedies are unavailable; and (6) it is probable that a receivership will do more good than harm. *Id.*

On February 10, 2021, the Court held an evidentiary hearing, at which the Court heard oral argument from counsel for the parties and live witness testimony along with the admission of exhibits into the record. At the conclusion of the hearing, this Court concluded that Plaintiff had satisfied its obligation of proving all necessary elements for a receiver, except for showing less severe equitable remedies are not available. (Dkt. 27.) Accordingly, consistent with its inherent equitable power to fashion appropriate relief, the Court continued Plaintiff's Motion for Appointment of Receiver and instead found that Plaintiff established its entitlement to preliminary injunctive relief. (*Id.*) The terms of the preliminary injunction are set forth in the Court's February 11, 2021 Order. (*Id.*)

On March 24, 2021 and March 31, 2021, the Court held additional evidentiary hearings, during which Plaintiff, Defendants, and several other interested parties appeared before the Court to provide the Court with relevant updates regarding the sufficiency of the Court's February

11, 2021 Order granting a preliminary injunction and whether a further continuance of the Motion (Dkt. 3) was warranted under the circumstances.

On March 31, 2021, the Court found that the less severe remedy—specifically, the entry of a preliminary injunction—had failed to achieve its stated purpose. Accordingly, the Court finds that Plaintiff has satisfied all elements necessary to obtain the appointment of a receiver.[1]

In the light of the foregoing, it is hereby **ORDERED AND ADJUDGED as follows:**

1.   Plaintiff's Motion for Appointment of Receiver (Dkt. 3) is **GRANTED** as to Defendant Hoplite, Inc. on the terms and conditions set forth herein. All capitalized terms not otherwise defined herein have the same meaning given to them in the Verified Amended Complaint (Dkt. 31) or Motion.

---

[1] On the eve of this Court's March 31, 2021 hearing, counsel for Defendants informed the Court that Defendants Jonathan Lee Smith and Hoplite Entertainment, Inc. filed Petitions for Bankruptcy in the United States Bankruptcy Court for the Central District of California (Dkt. 42), thereby staying this Court's proceedings against those Defendants. This Order pertains solely to Defendant Hoplite, Inc.

2. This Court hereby appoints Marshall Glade, Managing Director of B. Riley Advisory Services, receiver in this action (the "Receiver"), without bond, to immediately take possession and control of the Collateral, as defined in Section 4.1 of the Loan Agreement (Dkt. 1-5) solely as to Defendant Hoplite, Inc.:

> All Accounts; chattel paper (including tangible and electronic chattel paper); commercial tort claims; deposit accounts; securities accounts; documents (including negotiable documents); equipment (including all accessions and additions thereto); general intangibles (including payment intangibles and software), including, without limitation, the Specified Collateral; Intellectual Property; goods (including fixtures); instruments (including promissory notes); inventory (including all goods held for sale or lease or to be furnished under a contract of service, and including returns and repossessions); investment property (including securities and securities entitlements); letter of credit rights; money; all books and records with respect to any of the foregoing and the computers and equipment containing any such books and records; any and all cash proceeds and/or noncash proceeds of any of the foregoing, including, without limitation, insurance proceeds, and all supporting obligations and the security therefor or for any right to payment.

3. The Receiver shall have the rights and powers to take the following actions with regard to the Collateral solely as to Defendant Hoplite, Inc., as the Receiver deems necessary in his sole and absolute discretion:

a. To administer, manage, operate, sell, or preserve the Collateral and to take all actions the Receiver deems necessary in the sole business discretion of the Receiver to affect the terms of this Order.

b. To pay from the Collateral the ordinary and necessary monthly expenses of operating and maintaining the Collateral incurred from and after the date of the Receiver's initial appointment, including but not limited to professional fees incurred by the Receiver and his staff and professionals hired by the Receiver in connection with this matter.

c. To pay such other expenses incurred prior to the date of the Receiver's appointment as the Receiver deems, in his sole opinion, to be reasonably necessary and appropriate to ensure the continued operation and preservation of the Collateral.

d. To employ legal counsel to assist the Receiver in performance of his duties as may be necessary for so long as this Order remains effective, and to pay reasonable value for services when rendered. The Receiver shall notify all Parties of such engagement and the Parties shall have five (5) business days following such notice to make any objections thereto.

e. To exclude Defendant Hoplite, Inc. and its members, owners, agents, attorneys, and employees from interfering in any way with the operation of the Collateral or with the accounting to be conducted pursuant to this Order as Receiver determines may be necessary to carry out the terms of this Order.

f. To take possession of and have full and ready access to and signatory authority over all Collateral, including financial accounts, bank accounts, brokerage accounts, or parts thereof, containing funds associated with the Collateral and to open, transfer, and change all financial, bank, brokerage, and trade accounts relating to the Collateral, so that all such accounts

are in the name of the Receiver, and to be able to utilize the Federal Tax Identification Number of Defendant Hoplite, Inc. or the appropriate individuals or businesses associated with the Collateral, for banking and other reporting purposes.

g. To take possession of and have full and ready access to all financial records, statements, books, ledgers, accounting, and other records pertaining to the Collateral.

h. To take possession of all books and records, customer lists, trade secrets, manuals, licenses, business plans, and all other records of Defendant Hoplite, Inc. and to do whatever may be necessary with respect to such items as the Receiver deems appropriate and necessary to comply with the terms of this Order.

i. To enter into contracts for those services necessary to aid the Receiver in the administration of the Collateral including, but not limited to, service providers, property managers, real estate brokers, appraisers, and accountants, as needed, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership.

j. To renew, cancel, negotiate, terminate, or otherwise adjust any lease agreements, loan agreements, or executory contracts relating to the Collateral, or to enter into new contracts in order to control, manage, preserve, and operate the Collateral such as are necessary to conduct the business as determined in the Receiver's sole discretion. In addition to the foregoing, to enter into any new or modified loan, lending facility, lending arrangement, or other financing that Receiver believes necessary to control, manage, preserve, or to operate the Collateral in the usual and ordinary course of Defendant Hoplite, Inc.'s business.

k. To access Defendant Hoplite, Inc.'s employee records and files, including those related to compensation, benefits, insurance, and their continued employment.

l. To sell, on terms and conditions the Receiver deems in his sole judgment to be appropriate under the circumstances, any of the Collateral as Receiver deems, in his sole discretion, to be advisable or necessary to protect the interest of the Collateral or to monetize the Collateral for the purposes set forth herein; provided, however, that the Receiver shall provide notice to all parties-in-interest of his intent to sell any of the Collateral, including the manner of sale and the terms of the sale.

m. To collect any accounts receivable from any debtor owing money or property to the Collateral.

n. To provide a copy of this Order to anyone who may be affected by its terms and provisions.

o. To generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver deems in his sole judgment ought to be done, executed, and performed in and about or with respect to the Collateral in accordance with this Order.

p. To borrow funds on a secured basis from Plaintiff or other lenders necessary to provide working capital or other funds to Defendant Hoplite, Inc.

q. To institute, prosecute, defend, compromise, adjust, intervene in, or become party to such actions or proceedings in state or federal courts as may in the Receiver's discretion and opinion be necessary or proper for the protection, maintenance, or preservation of the Collateral or the carrying out of the terms of this Order, and likewise to defend, compromise, adjust, or

otherwise dispose of any and all actions or proceedings instituted against it as Receiver.

4.   Defendant Hoplite, Inc., and its managers, members, shareholders, partners, agents, affiliates, servants, attorneys, accountants, officers, directors, employees, representatives, and nominees, shall cooperate with and assist the Receiver when requested by the Receiver. Moreover, Defendant Hoplite, Inc., its managers, members, shareholders, partners, agents, affiliates, servants, attorneys, accountants, officers, directors, employees, representatives, nominees, and all persons receiving a copy of this Order, and their managers, members, owners, partners, independent contractors, agents, affiliates, servants, attorneys, accountants, officers, directors, shareholders, representatives, and employees, and all those persons acting in concert or participation with any of them, under their control or on their behalf, directly or indirectly, are hereby enjoined as follows:

   a. From possessing, selling, liquidating, foreclosing upon, transferring and/or converting any of the Collateral or from interfering in any way with the operation, maintenance, and possession of the Collateral by the Receiver, except as permitted by this Court's Order.

  b. From collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of the Collateral, related funds, interest, or revenues derived from the operation of the Collateral and from paying any such funds to or for the benefit of themselves or any other party, except as permitted by the Receiver from the date of execution of this Order forward.

  c. From taking any other action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the performance of its duties under this Order.

  5. The Receiver has been appointed without having performed an independent verification that appropriate property, casualty, and liability insurance is in place on the Collateral solely as to Defendant Hoplite, Inc. Accordingly, neither Plaintiff nor the Receiver shall have liability for the acts or omissions of Defendant Hoplite, Inc., including its members, officers, directors, managers, employees, representatives, contractors, agents, accountants, and attorneys, occurring prior to this Order. The Receiver may obtain liability insurance in an amount commensurate with the insurable Collateral to cover the acts or omissions of the Receiver during the Receivership, which expense shall be deemed an expense of the Receivership. The Parties shall cause, and Receiver shall be authorized on behalf of Defendant Hoplite, Inc. to cause,

the Receiver to be named as an additional insured and loss payee as appropriate on any insurance policies covering the Collateral, if any.

6. Except for an act of willful misconduct or gross negligence, the Receiver and all persons engaged by or employed by the Receiver shall not be liable for any loss or damage incurred with regard to the Collateral solely as to Defendant Hoplite, Inc., or by any other person by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge or the Receiver's duties and responsibilities in this matter.

7. All persons possessing any Collateral solely as to Defendant Hoplite, Inc., including any item to which the Receiver is entitled possession pursuant to the terms of this Order, shall immediately provide to the Receiver all such items in the manner and scope determined by the Receiver in his sole discretion.

8. The Receiver shall not, and shall not be required to, advance any of his own funds to execute the Receiver's duties hereunder and/or to pay any expenses incurred by or on behalf of the Receiver in the performance of the Receiver's duties herein, including delaying payment

of his own invoices and/or those of his agents, contractors, employees, professionals, appraisers, vendors, and attorneys.

9.  All fees and expenses incurred by or on behalf of the Receiver, including the fees and expenses incurred by those agents, contractors, employees, professionals, appraisers, vendors, and attorneys engaged by the Receiver, in connection with the appointment of the Receiver and the performance of his duties herein shall be paid monthly from the Collateral solely as to Defendant Hoplite, Inc., in conjunction with the payment of the normal, ordinary, and necessary monthly operating expenses of the Collateral. The fees of the Receiver and his staff are set forth on Exhibit A attached hereto. The Receiver shall not be required to give bond conditioned for the faithful discharge of his duties unless and until cause therefore is shown and the Court so orders. The Receiver shall, however, remain insured during the term of this receivership under his existing insurance policies.

10. Subject to the availability of funds constituting Collateral solely as to Defendant Hoplite, Inc., the Receiver shall pay all reasonable expenses: (1) incurred with regard to the Collateral that were incurred in

- 11 -

the normal and ordinary course by the Receiver on or after the period when the Receiver took possession of the Collateral, including the Receiver's outstanding fees and expenses; and (2) incurred by the Receiver in connection with the appointment of the Receiver and the entry of this Order.

11.  On or before the 15th day of each respective month, the Receiver shall file with this Court monthly reports providing an overview of the Receiver's activities, a financial accounting, and a report of expenses incurred and payments made from Collateral solely as to Defendant Hoplite, Inc.  The Receiver shall file a final report within thirty (30) days after the termination of the Receivership, which report shall be billed for in advance and paid concurrently with the Receiver's final billing statement from Collateral prior to the Receiver releasing those funds to the appropriate party.

12.  The Receiver shall not be responsible for the filing of the state and federal income tax returns for Hoplite, Inc. that are due to be filed during the tenure of this Order.  The Receiver shall provide financial information, to which he has access and which is related to the Collateral,

to the parties for the purpose of the filing of any state and federal income tax returns. The Receiver shall not be responsible for the contents of any federal or state income tax returns filed by any party related to Defendant Hoplite, Inc. prior to the Receiver's appointment, nor shall the Receiver be responsible to file any federal or state income tax returns that are due to be filed after the Receiver's appointment has concluded.

13. The Receiver shall have full control over the Collateral solely as to Defendant Hoplite, Inc. as set forth herein.

14. The Court shall retain jurisdiction and supervision over all matters concerning the Receiver's appointment and the Collateral solely as to Defendant Hoplite, Inc. The Receiver may seek instructions regarding the scope of his appointment and/or additional authority from the Court at any time upon written notice to the Parties. The Parties and/or the Receiver may make application for an amendment to and/or termination of this Order.

**SO ORDERED** this 1st day of April, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

1.   Time spent by Marshall Glade shall be billed at the rate of $425 per hour.

2.   Time spent by other professionals at B. Riley Advisory Services shall be billed at their standard hourly rates, which range from $150 to $550 per hour.