# EXHIBIT Z

1 TRACY L. WILKISON
Acting United States Attorney
2 BRANDON D. FOX
Assistant United States Attorney
3 Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4 Assistant United States Attorney
Major Frauds Section
5      1100 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-1259
7      Facsimile: (213) 894-0141
       E-mail:    alexander.schwab@usdoj.gov
8
Attorneys for Plaintiff
9 UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
6/8/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          No. CR  2:21-cr-00272-JFW

13          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                     JONATHAN LEE SMITH
14              v.

15 JONATHAN LEE SMITH,

16          Defendant.

17

18      1.   This constitutes the plea agreement between JONATHAN LEE

19 SMITH ("defendant") and the United States Attorney's Office for the

20 Central District of California (the "USAO") in the investigation of

21 defendant's fraudulent acquisition of a $2 million bridge loan based

22 on material misrepresentations made to the victim lender.  This

23 agreement is limited to the USAO and cannot bind any other federal,

24 state, local, or foreign prosecuting, enforcement, administrative, or

25 regulatory authority.

26                   DEFENDANT'S OBLIGATIONS

27      2.   Defendant agrees to:

28

1        a.   Give up the right to indictment by a grand jury and,

2   at the earliest opportunity requested by the USAO and provided by the

3   Court, appear and plead guilty to a single count information in the

4   form attached to this agreement as Exhibit A or a substantially

5   similar form, which charges defendant with wire fraud, in violation

6   of 18 U.S.C. § 1343.

7        b.   Not contest facts agreed to in this agreement.

8        c.   Abide by all agreements regarding sentencing contained

9   in this agreement.

10        d.   Appear for all court appearances, surrender as ordered

11   for service of sentence, obey all conditions of any bond, and obey

12   any other ongoing court order in this matter.

13        e.   Not commit any crime; however, offenses that would be

14   excluded for sentencing purposes under United States Sentencing

15   Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not

16   within the scope of this agreement.

17        f.   Be truthful at all times with the United States

18   Probation and Pretrial Services Office and the Court.

19        g.   Pay the applicable special assessment at or before the

20   time of sentencing unless defendant has demonstrated a lack of

21   ability to pay such assessments.

22        h.   At or before the time of sentencing, satisfy any and

23   all restitution/fine obligations based on ability to pay by

24   delivering a certified check or money order to the Fiscal Clerk of

25   the Court, to be held until the date of sentencing and, thereafter,

26   applied to satisfy defendant's restitution/fine balance.  Payments

27   may be made to the Clerk, United States District Court, Fiscal

28

1  Department, 255 East Temple Street, 11th Floor, Los Angeles,
2  California 90012.

3          i.    Ability to pay shall be assessed based on the
4  Financial Disclosure Statement, referenced below, and all other
5  relevant information relating to ability to pay.

6          j.    Defendant agrees that any and all restitution/fine
7  obligations ordered by the Court will be due in full and immediately.
8  The government is not precluded from pursuing, in excess of any
9  payment schedule set by the Court, any and all available remedies by
10 which to satisfy defendant's payment of the full financial
11 obligation, including referral to the Treasury Offset Program.

12         k.    Complete the Financial Disclosure Statement on a form
13 provided by the USAO and, within 30 days of defendant's entry of a
14 guilty plea, deliver the signed and dated statement, along with all
15 of the documents requested therein, to the USAO by either email at
16 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
17 Litigation Section at 300 N. Los Angeles St., Suite 7516, Los
18 Angeles, CA 90012.

19         l.    Authorize the USAO to obtain a credit report upon
20 returning a signed copy of this plea agreement.

21         m.    Agree that all court appearances, including his change
22 of plea hearing and sentencing hearing, may proceed by video-
23 teleconference ("VTC") or telephone, if VTC is not reasonably
24 available, so long as such appearances are authorized by Order of the
25 Chief Judge 20-097 or another order, rule, or statute.  Defendant
26 understands that, under the Constitution, the United States Code, the
27 Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),
28 he may have the right to be physically present at these hearings.

Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

> i.    Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

> ii.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

> iii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

> iv.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

> v.    Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

1      c.   At the time of sentencing, provided that defendant

2  demonstrates an acceptance of responsibility for the offense up to

3  and including the time of sentencing, recommend a two-level reduction

4  in the applicable Sentencing Guidelines offense level, pursuant to

5  USSG § 3E1.1, and recommend and, if necessary, move for an additional

6  one-level reduction if available under that section.

7      d.   Recommend that defendant be sentenced to a term of

8  imprisonment no higher than the low end of the applicable Sentencing

9  Guidelines range, provided that the offense level used by the Court

10  to determine that range is 20 or higher.  For purposes of this

11  agreement, the low end of the Sentencing Guidelines range is that

12  defined by the Sentencing Table in USSG Chapter 5, Part A.

13                     <u>NATURE OF THE OFFENSE</u>

14      4.   Defendant understands that for defendant to be guilty of

15  the crime charged in the sole count of the information, that is, wire

16  fraud, in violation of 18 U.S.C. § 1343, the following must be true:

17  (1) defendant knowingly participated in, devised, or intended to

18  devise a scheme or plan to defraud, or a scheme or plan for obtaining

19  money or property by means of false or fraudulent pretenses,

20  representations, or promises, or omitted facts (deceitful statements

21  of half-truths may constitute false or fraudulent representations);

22  (2) the statements made or facts omitted as part of the scheme were

23  material; that is, they had a natural tendency to influence, or were

24  capable of influencing, a person to part with money or property;

25  (3) defendant acted with the intent to defraud, that is, the intent

26  to deceive and cheat; and (4) defendant used, or caused to be used,

27  an interstate or foreign wire communication to carry out or attempt

28  to carry out an essential part of the scheme.

1

<u>PENALTIES AND RESTITUTION</u>

2      5.    Defendant understands that the statutory maximum sentence

3   that the Court can impose for a violation of 18 U.S.C. § 1343, is:

4   twenty years of imprisonment; a three-year period of supervised

5   release; a fine of $250,000 or twice the gross gain or gross loss

6   resulting from the offense, whichever is greater; and a mandatory

7   special assessment of $100.

8      6.    Defendant understands that defendant will be required to

9   pay full restitution to the victim of the offense to which defendant

10  is pleading guilty.  Defendant agrees that, in return for the USAO's

11  compliance with its obligations under this agreement, the Court may

12  order restitution to persons other than the victim of the offense to

13  which defendant is pleading guilty and in amounts greater than those

14  alleged in the count to which defendant is pleading guilty.  In

15  particular, defendant agrees that the Court may order restitution to

16  any victim of any of the following for any losses suffered by that

17  victim as a result: (a) any relevant conduct, as defined in USSG

18  § 1B1.3, in connection with the offense to which defendant is

19  pleading guilty; and (b) any charges not prosecuted pursuant to this

20  agreement as well as all relevant conduct, as defined in USSG

21  § 1B1.3, in connection with those charges.  The parties currently

22  believe that the applicable amount of restitution is approximately $2

23  million, but recognize and agree that this amount could change based

24  on facts that come to the attention of the parties prior to

25  sentencing.

26     7.    Defendant understands that supervised release is a period

27  of time following imprisonment during which defendant will be subject

28  to various restrictions and requirements.  Defendant understands that

1    if defendant violates one or more of the conditions of any supervised

2    release imposed, defendant may be returned to prison for all or part

3    of the term of supervised release authorized by statute for the

4    offense that resulted in the term of supervised release, which could

5    result in defendant serving a total term of imprisonment greater than

6    the statutory maximum stated above.

7        8.    Defendant understands that, by pleading guilty, defendant

8    may be giving up valuable government benefits and valuable civic

9    rights, such as the right to vote, the right to possess a firearm,

10   the right to hold office, and the right to serve on a jury.

11   Defendant understands that he is pleading guilty to a felony and that

12   it is a federal crime for a convicted felon to possess a firearm or

13   ammunition.  Defendant understands that the conviction in this case

14   may also subject defendant to various other collateral consequences,

15   including but not limited to revocation of probation, parole, or

16   supervised release in another case and suspension or revocation of a

17   professional license.  Defendant understands that unanticipated

18   collateral consequences will not serve as grounds to withdraw

19   defendant's guilty plea.

20       9.    Defendant and his counsel have discussed the fact that, and

21   defendant understands that, if defendant is not a United States

22   citizen, the conviction in this case makes it practically inevitable

23   and a virtual certainty that defendant will be removed or deported

24   from the United States.  Defendant may also be denied United States

25   citizenship and admission to the United States in the future.

26   Defendant understands that while there may be arguments that

27   defendant can raise in immigration proceedings to avoid or delay

28   removal, removal is presumptively mandatory and a virtual certainty

1    in this case.  Defendant further understands that removal and

2    immigration consequences are the subject of a separate proceeding and

3    that no one, including his attorney or the Court, can predict to an

4    absolute certainty the effect of his conviction on his immigration

5    status.  Defendant nevertheless affirms that he wants to plead guilty

6    regardless of any immigration consequences that his plea may entail,

7    even if the consequence is automatic removal from the United States.

8                              FACTUAL BASIS

9         10.  Defendant admits that defendant is, in fact, guilty of the

10   offense to which defendant is agreeing to plead guilty.  Defendant

11   and the USAO agree to the statement of facts provided below and agree

12   that this statement of facts is sufficient to support a plea of

13   guilty to the charge described in this agreement and to establish the

14   Sentencing Guidelines factors set forth in paragraph 12 below but is

15   not meant to be a complete recitation of all facts relevant to the

16   underlying criminal conduct or all facts known to either party that

17   relate to that conduct.

18        Beginning on an unknown date, but no later than on or about

19   August 24, 2020, and continuing to at least January 22, 2021, in Los

20   Angeles County, within the Central District of California, and

21   elsewhere, defendant, knowingly and with the intent to defraud,

22   devised, participated in, and executed a scheme to defraud victims as

23   to material matters, and to obtain money and property by means of

24   material false and fraudulent pretenses, representations, promises,

25   and the concealment of material facts.

26        During the timeframe of the scheme to defraud, defendant, a

27   resident of Los Angeles, was the chief executive officer and sole

28   owner of Hoplite, Inc. ("Hoplite"), and the chief executive officer

1 and principal owner of Hoplite Entertainment, Inc. ("Hoplite

2 Entertainment").  Hoplite and Hoplite Entertainment (together, the

3 "Hoplite Entities") were both production companies and California

4 corporations based in Los Angeles.  Defendant had control of various

5 business bank accounts, including a Wells Fargo account in the name

6 of "Hoplite Entertainment, LLC" ending -5559 (the "Hoplite

7 Entertainment Account").

8       On behalf of Hoplite and Hoplite Entertainment, defendant sought

9 a $2 million loan from the victim lender, a privately held investment

10 fund that offered short-term loans to small- and medium-sized

11 businesses like the Hoplite Entities.  To obtain the loan, defendant

12 knowingly made various misrepresentations and provided fabricated

13 documents to the victim lender, including several false license

14 agreements with distributors that made it falsely appear that the

15 Hoplite Entities had collective accounts receivable of $3,348,000

16 when, in fact, they did not.  He also provided the victim lender with

17 several false standby agreements with secured creditors to whom

18 Hoplite and Hoplite Entertainment owed money that purported to show

19 that the secured creditors had agreed to subordinate their interests

20 to the interest of the victim lender when, in fact, the creditors had

21 not so agreed.  Based on these and other misrepresentations, the

22 victim lender agreed to the loan and, on September 30, 2020,

23 transferred $1,951,416.80 to the Hoplite Entertainment Account by

24 means of interstate wire transfer.

25       When defendant failed to repay the victim lender according to

26 the terms of his agreement, he sought additional time from the victim

27 lender to repay the loan.  To that end, on November 17, 2020,

28 defendant knowingly sent an email to representatives of the victim

1   lender that contained fabricated correspondence from a representative

2   of one of a distributor of Hoplite Entertainment's content and a

3   false record of an automated clearing house (ACH) transfer of

4   $1,488,000.

5       As a result of defendant's scheme to defraud, he caused at least

6   $2 million in losses to the victim lender.

7                         SENTENCING FACTORS

8       11.  Defendant understands that in determining defendant's

9   sentence the Court is required to calculate the applicable Sentencing

10   Guidelines range and to consider that range, possible departures

11   under the Sentencing Guidelines, and the other sentencing factors set

12   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

13   Sentencing Guidelines are advisory only, that defendant cannot have

14   any expectation of receiving a sentence within the calculated

15   Sentencing Guidelines range, and that after considering the

16   Sentencing Guidelines and the other § 3553(a) factors, the Court will

17   be free to exercise its discretion to impose any sentence it finds

18   appropriate up to the maximum set by statute for the crime of

19   conviction.

20       12.  Defendant and the USAO agree to the following applicable

21   Sentencing Guidelines factors:

22     Base Offense Level              7         [USSG § 2B1.1(a)(1)]

23     Loss > $1.5 million           +16        [USSG § 2B1.1(b)(1)(I)]

24   Defendant and the USAO reserve the right to argue that additional

25   specific offense characteristics, adjustments, and departures under

26   the Sentencing Guidelines are appropriate.

27       13.  Defendant understands that there is no agreement as to

28   defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  By way of example, but not limitation, the parties agree that, because the justice system is facing an unprecedented crisis through the backlog of cases, defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving substantial appellate rights.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1          e.    The right to confront and cross-examine witnesses

2     against defendant.

3          f.    The right to testify and to present evidence in

4     opposition to the charges, including the right to compel the

5     attendance of witnesses to testify.

6          g.    The right not to be compelled to testify, and, if

7     defendant chose not to testify or present evidence, to have that

8     choice not be used against defendant.

9          h.    Any and all rights to pursue any affirmative defenses,

10    Fourth Amendment or Fifth Amendment claims, and other pretrial

11    motions that have been filed or could be filed.

12                    WAIVER OF APPEAL OF CONVICTION

13    16.  Defendant understands that, with the exception of an appeal

14    based on a claim that defendant's guilty plea was involuntary, by

15    pleading guilty defendant is waiving and giving up any right to

16    appeal defendant's conviction on the offense to which defendant is

17    pleading guilty.  Defendant understands that this waiver includes,

18    but is not limited to, arguments that the statute to which defendant

19    is pleading guilty is unconstitutional, and any and all claims that

20    the statement of facts provided herein is insufficient to support

21    defendant's plea of guilty.

22               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23    17.  Defendant agrees that, provided the Court imposes a term of

24    imprisonment on the count of conviction of no more than 41 months,

25    defendant gives up the right to appeal all of the following: (a) the

26    procedures and calculations used to determine and impose any portion

27    of the sentence; (b) the term of imprisonment imposed by the Court,

28    provided it is within the statutory maximum; (c) the fine imposed by

1   the Court, provided it is within the statutory maximum; (d) to the

2   extent permitted by law, the constitutionality or legality of

3   defendant's sentence, provided it is within the statutory maximum;

4   (e) the amount and terms of any restitution order; (f) the term of

5   probation or supervised release imposed by the Court, provided it is

6   within the statutory maximum; and (g) any of the following conditions

7   of probation or supervised release imposed by the Court: the

8   conditions set forth in Second Amended General Order 20-04 of this

9   Court; the drug testing conditions mandated by 18 U.S.C.

10  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

11  authorized by 18 U.S.C. § 3563(b)(7).

12      18.  Defendant also gives up any right to bring a post-

13  conviction collateral attack on the conviction or sentence, including

14  any order of restitution, except a post-conviction collateral attack

15  based on a claim of ineffective assistance of counsel, a claim of

16  newly discovered evidence, or an explicitly retroactive change in the

17  applicable Sentencing Guidelines, sentencing statutes, or statutes of

18  conviction.  Defendant understands that this waiver includes, but is

19  not limited to, arguments that the statute to which defendant is

20  pleading guilty is unconstitutional, and any and all claims that the

21  statement of facts provided herein is insufficient to support

22  defendant's plea of guilty.

23      19.  The USAO agrees that, provided (a) all portions of the

24  sentence are at or below the statutory maximum specified above and

25  (b) the Court imposes a term of imprisonment of no less than 33

26  months' imprisonment, the USAO gives up its right to appeal any

27  portion of the sentence, with the exception that the USAO reserves

28  the right to appeal the amount of restitution ordered.

1

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

21.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement

<u>EFFECTIVE DATE OF AGREEMENT</u>

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

23.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a

14

1  breach"), the USAO may declare this agreement breached.  All of

2  defendant's obligations are material, a single breach of this

3  agreement is sufficient for the USAO to declare a breach, and

4  defendant shall not be deemed to have cured a breach without the

5  express agreement of the USAO in writing.  If the USAO declares this

6  agreement breached, and the Court finds such a breach to have

7  occurred, then: (a) if defendant has previously entered a guilty plea

8  pursuant to this agreement, defendant will not be able to withdraw

9  the guilty plea, and (b) the USAO will be relieved of all its

10  obligations under this agreement.

11      24.  Following the Court's finding of a knowing breach of this

12  agreement by defendant, should the USAO choose to pursue any charge

13  that was either dismissed or not filed as a result of this agreement,

14  then:

15          a.  Defendant agrees that any applicable statute of

16  limitations is tolled between the date of defendant's signing of this

17  agreement and the filing commencing any such action.

18          b.  Defendant waives and gives up all defenses based on

19  the statute of limitations, any claim of pre-indictment delay, or any

20  speedy trial claim with respect to any such action, except to the

21  extent that such defenses existed as of the date of defendant's

22  signing this agreement.

23          c.  Defendant agrees that: (i) any statements made by

24  defendant, under oath, at the guilty plea hearing (if such a hearing

25  occurred prior to the breach); (ii) the agreed to factual basis

26  statement in this agreement; and (iii) any evidence derived from such

27  statements, shall be admissible against defendant in any such action

28  against defendant, and defendant waives and gives up any claim under

1  the United States Constitution, any statute, Rule 410 of the Federal

2  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

3  Procedure, or any other federal rule, that the statements or any

4  evidence derived from the statements should be suppressed or are

5  inadmissible.

6        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

7                        OFFICE NOT PARTIES

8        25.  Defendant understands that the Court and the United States

9  Probation and Pretrial Services Office are not parties to this

10 agreement and need not accept any of the USAO's sentencing

11 recommendations or the parties' agreements to facts or sentencing

12 factors.

13       26.  Defendant understands that both defendant and the USAO are

14 free to: (a) supplement the facts by supplying relevant information

15 to the United States Probation and Pretrial Services Office and the

16 Court, (b) correct any and all factual misstatements relating to the

17 Court's Sentencing Guidelines calculations and determination of

18 sentence, and (c) argue on appeal and collateral review that the

19 Court's Sentencing Guidelines calculations and the sentence it

20 chooses to impose are not error, although each party agrees to

21 maintain its view that the calculations in paragraph 12 are

22 consistent with the facts of this case.  While this paragraph permits

23 both the USAO and defendant to submit full and complete factual

24 information to the United States Probation and Pretrial Services

25 Office and the Court, even if that factual information may be viewed

26 as inconsistent with the facts agreed to in this agreement, this

27 paragraph does not affect defendant's and the USAO's obligations not

28 to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29.  The parties agree that this agreement will be considered

//

//

1    part of the record of defendant's guilty plea hearing as if the

2    entire agreement had been read into the record of the proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
5    CALIFORNIA

6    TRACY L. WILKISON
     Acting United States Attorney
7

8    _____          June 3, 2021
     ALEXANDER B. SCHWAB                      _____
9    Assistant United States Attorney         Date

10   _____          6-3-2021
                                              _____
11   JONATHAN LEE SMITH                       Date
     Defendant
12

13   _____          _____
     ANTHONY PACHECO                          Date
14   Attorney for Defendant
     JONATHAN LEE SMITH

15

16                   CERTIFICATION OF DEFENDANT

17        I have read this agreement in its entirety.  I have had enough

18   time to review and consider this agreement, and I have carefully and

19   thoroughly discussed every part of it with my attorney.  I understand

20   the terms of this agreement, and I voluntarily agree to those terms.

21   I have discussed the evidence with my attorney, and my attorney has

22   advised me of my rights, of possible pretrial motions that might be

23   filed, of possible defenses that might be asserted either prior to or

24   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25   of relevant Sentencing Guidelines provisions, and of the consequences

26   of entering into this agreement.  No promises, inducements, or

27   representations of any kind have been made to me other than those

28   contained in this agreement.  No one has threatened or forced me in

                                    18

1   part of the record of defendant's guilty plea hearing as if the

2   entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   TRACY L. WILKISON
Acting United States Attorney
7

8
   _____      _____
ALEXANDER B. SCHWAB            Date
9   Assistant United States Attorney

10

11   _____      _____
JONATHAN LEE SMITH            Date
12   Defendant

13   _____       6/3/21
ANTHONY PACHECO              Date
Attorney for Defendant
14   JONATHAN LEE SMITH

15

16                 CERTIFICATION OF DEFENDANT

17      I have read this agreement in its entirety.  I have had enough

18   time to review and consider this agreement, and I have carefully and

19   thoroughly discussed every part of it with my attorney.  I understand

20   the terms of this agreement, and I voluntarily agree to those terms.

21   I have discussed the evidence with my attorney, and my attorney has

22   advised me of my rights, of possible pretrial motions that might be

23   filed, of possible defenses that might be asserted either prior to or

24   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25   of relevant Sentencing Guidelines provisions, and of the consequences

26   of entering into this agreement.  No promises, inducements, or

27   representations of any kind have been made to me other than those

28   contained in this agreement.  No one has threatened or forced me in

1  any way to enter into this agreement.  I am satisfied with the

2  representation of my attorney in this matter, and I am pleading

3  guilty because I am guilty of the charge and wish to take advantage

4  of the promises set forth in this agreement, and not for any other

5  reason.

6  _____          6-3-2021

7  JONATHAN LEE SMITH                           Date
   Defendant

8

9               CERTIFICATION OF DEFENDANT'S ATTORNEY

10      I am JONATHAN LEE SMITH's attorney.  I have carefully and

11  thoroughly discussed every part of this agreement with my client.

12  Further, I have fully advised my client of his rights, of possible

13  pretrial motions that might be filed, of possible defenses that might

14  be asserted either prior to or at trial, of the sentencing factors

15  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16  provisions, and of the consequences of entering into this agreement.

17  To my knowledge: no promises, inducements, or representations of any

18  kind have been made to my client other than those contained in this

19  agreement; no one has threatened or forced my client in any way to

20  enter into this agreement; my client's decision to enter into this

21  agreement is informed and voluntary; and the factual basis set forth

22  in this agreement is sufficient to support my client's entry of a

23  guilty plea pursuant to this agreement.

24

25  _____          _____
   ANTHONY PACHECO                              Date
   Attorney for Defendant
26  JONATHAN LEE SMITH

27

28

                                19

1   any way to enter into this agreement.  I am satisfied with the

2   representation of my attorney in this matter, and I am pleading

3   guilty because I am guilty of the charge and wish to take advantage

4   of the promises set forth in this agreement, and not for any other

5   reason.

6

7   _____              _____
    JONATHAN LEE SMITH                          Date
8   Defendant

9              CERTIFICATION OF DEFENDANT'S ATTORNEY

10      I am JONATHAN LEE SMITH's attorney.  I have carefully and

11  thoroughly discussed every part of this agreement with my client.

12  Further, I have fully advised my client of his rights, of possible

13  pretrial motions that might be filed, of possible defenses that might

14  be asserted either prior to or at trial, of the sentencing factors

15  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16  provisions, and of the consequences of entering into this agreement.

17  To my knowledge: no promises, inducements, or representations of any

18  kind have been made to my client other than those contained in this

19  agreement; no one has threatened or forced my client in any way to

20  enter into this agreement; my client's decision to enter into this

21  agreement is informed and voluntary; and the factual basis set forth

22  in this agreement is sufficient to support my client's entry of a

23  guilty plea pursuant to this agreement.

24

25  _____              __6/3/21_____
    ANTHONY PACHECO                             Date
26  Attorney for Defendant
    JONATHAN LEE SMITH

27

28

                                  19

1

2

3

4                              **EXHIBIT A**

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11          Plaintiff,                  I N F O R M A T I O N

12          v.                          [18 U.S.C. § 1343: Wire Fraud; 18
                                        U.S.C. § 981(a)(1)(C) and 28
13   JONATHAN LEE SMITH,                U.S.C. § 2461(c): Criminal
                                        Forfeiture]
14          Defendant.

15

16        The Acting United States Attorney charges:

17                    [18 U.S.C. § 1343]

18   A.   INTRODUCTORY ALLEGATIONS

19        At times relevant to this Information

20        1.   Defendant JONATHAN LEE SMITH was a resident of Los Angeles,

21   California.

22        2.   Defendant SMITH was the chief executive officer and

23   majority owner of Hoplite Entertainment, Inc. ("Hoplite

24   Entertainment"), a California Corporation based in Los Angeles,

25   California.  Hoplite Entertainment was a television production

26   company specializing in unscripted programs.

27        3.   Defendant SMITH was the chief executive officer and sole

28   owner of Hoplite, Inc. ("Hoplite"), a California Corporation also

based in Los Angeles, California.  Hoplite was a television production company originally intended to specialize in scripted programs but which instead specialized in programs with unscripted content.

4.   Defendant SMITH had sole signatory authority over a checking account held at was the sole signer Wells Fargo Bank, N.A., business checking in the name of "Hoplite Entertainment, LLC," which was opened in West Hollywood, California (the "Hoplite Entertainment Account").

5.   The "victim lender" was a privately held investment fund that offered short-term loans, often called "bridge loans," to small- and medium-sized businesses.

B.   SCHEME TO DEFRAUD

6.   Beginning no later than on or about August 24, 2020, and continuing to at least January 22, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SMITH, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the victim lender as to material matters, and to obtain money and property from the victim lender by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

7.   The scheme to defraud operated, in substance, as follows:

a.   Defendant SMITH sought a bridge loan from the victim lender on behalf of Hoplite and Hoplite Entertainment (together the "Hoplite Entities"), which bridge loan defendant SMITH represented would be used to cover short-term expenses while the Hoplite Entities awaited payment on accounts receivable.

2

1         b.   To induce the victim lender to make the bridge loan

2 by, among other things, convincing the victim lender of the Hoplite

3 Entities' ability to repay the bridge loan based on their purported

4 accounts receivable, defendant SMITH made material false statements

5 and representations, including the following:

6         i.   Defendant SMITH provided the victim lender with

7 purported license agreements by which third parties acquired

8 distribution rights for content produced by the Hoplite Entities.

9 The purported license agreements obligated the third parties to pay

10 approximately $3,348,000 to the Hoplite Entities.  In truth, as

11 defendant SMITH then knew, these license agreements were fabrications

12 and the true and authentic agreements between the Hoplite Entities

13 and the third parties required total payments in a far lower amount,

14 resulting in accounts receivable in a similarly lower amount.

15         ii.  Defendant SMITH provided the victim lender with

16 purported agreements with secured creditors to whom the Hoplite

17 Entities owed money in which the creditors purportedly subordinated

18 their interests to the interest of the victim lender, thereby

19 requiring that the Hoplite Entities repay the victim lender before

20 the secured creditors.  In truth, as defendant SMITH then knew, these

21 agreements were fabrications, and the secured creditors had not

22 agreed to subordinate their interests to that of the victim lender.

23         c.   Defendant SMITH directed the victim lender to transfer

24 the proceeds of the bridge loan into the Hoplite Entertainment

25 Account by means of interstate wire.

26         d.   After failing to make the required payments on the

27 bridge loan, defendant SMITH induced the victim lender to provide

28 additional time to repay the fraudulently obtained loan and prevented

1    detection of his scheme to defraud by sending representatives of the

2    victim lender a document falsely showing that a payment was imminent,

3    namely, a purported email chain including a fabricated record of a

4    wire transfer of $100,000 from Hoplite, Inc., to the victim lender.

5        8.    As a result of the scheme to defraud, defendant SMITH

6    caused the victim lender to lose approximately $2 million.

7    C.    <u>USE OF INTERSTATE WIRES</u>

8        9.    On or about September 30, 2020, within the Central District

9    of California, and elsewhere, for the purpose of executing the above-

10    described scheme to defraud, defendant SMITH transmitted and caused

11    the transmission of an item by means of wire communication in

12    interstate commerce, namely, the transfer of approximately

13    $1,951,416.80 from a bank account in Atlanta, Georgia, to the Hoplite

14    Entertainment Account.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

10.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant JONATHAN LEE SMITH's conviction of the offense set forth in Count One of this Information.

11.   Defendant SMITH, if so convicted, shall forfeit to the United States of America the following:

a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

b.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

12.   Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), if so convicted, defendant SMITH shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant SMITH, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

//

//

1  value; or (e) has been commingled with other property that cannot be

2  divided without difficulty.

3

4                                    TRACY L. WILKISON
                                     Acting United States Attorney
5

6

7                                    BRANDON D. FOX
                                     Assistant United States Attorney
8                                    Chief, Criminal Division

9                                    RANEE A. KATZENSTEIN
                                     Assistant United States Attorney
10                                   Chief, Major Frauds Section

11                                   POONAM G. KUMAR
                                     Assistant United States Attorney
12                                   Deputy Chief, Major Frauds Section

13                                   ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
14                                   Major Frauds Section

15

16

17

18

19

20

21

22

23

24

25

26

27

28