# Exhibit 2

TROUTMAN PEPPER HAMILTON SANDERS LLP
Luke N. Eaton (SBN 280387)
 E-mail: luke.eaton@troutman.com
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3427
Telephone: 213.928.9800
Facsimile: 213.928.9850

Harris B. Winsberg (admitted *pro hac vice*)
 E-mail: harris.winsberg@troutman.com
Alexandra S. Peurach (admitted *pro hac vice*)
 E-mail: Alexandra.Peurach@troutman.com
Nathaniel T. DeLoatch (admitted *pro hac vice*)
 E-mail: nathan.deloatch@troutman.com
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Plaintiff
BAY POINT CAPITAL PARTNERS II, LP

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JONATHAN L. SMITH,<br><br>Debtor. | Case No. 2:21-bk-12542-BR<br><br>Chapter 7<br><br>Adversary No. 2:21-ap-01116-BR |
| BAY POINT CAPITAL PARTNERS II, LP,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN L. SMITH,<br><br>Debtor-Defendant. | **DECLARATION OF KEVIN BRAWNER IN SUPPORT OF BAY POINT CAPITAL PARTNERS II, LP'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AGAINST DEBTOR-DEFENDANT.** |

I, Kevin Brawner, declare as follows:

1. I am over the age of 18 years and am competent and qualified to execute this declaration. I have personal knowledge as to all matters set forth herein.

2. I submit this Declaration in support of Bay Point's Motion for Entry of Default Judgment on Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

3. I currently serve as Chief Financial Officer and Chief Compliance Officer of Bay Point Advisors, LLC ("**Bay Point Advisors**"), which is the general partner of Bay Point Capital Partners II, LP ("**Bay Point**").

4. I have been employed with Bay Point Advisors since May 2019. Through my responsibilities, I have personal knowledge of the manner in which Bay Point creates and maintains records regarding the engagement, retention, and payment of professionals, along with any invoices relating thereto (the "**Professional Invoices**"). It is Bay Point's regular business practice for an employee with personal knowledge to make a written or computerized record of any Professional Invoices received, and of remittances on account of such Professional Invoices, at or near the time of such transactions. Based on my review of Bay Point's records, I know that Bay Point followed its regular business practice in this case.

5. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents created and maintained by Bay Point in the regular course of its business, and information provided to me by Bay Point or its agents. If called to testify, I could and would testify to the facts set forth in this Declaration.

I.  **Bay Point Professionals and the District Court Action**

6. Bay Point initiated a civil action against the Debtor on January 22, 2021 in the United States District Court for the Northern District of Georgia, *Bay Point Capital Partners II, LP v. Hoplite, Inc., et al.*, No. 1:21-cv-00375-MLB (N.D. Ga.) (the "**District Court Action**"), after discovering that the Debtor had engaged in a scheme to defraud Bay Point into making a $2 million loan and then to forbear from foreclosing on the loan.

7. At or around the time Bay Point initiated the District Court Action, Bay Point engaged a team of professionals to conduct the services necessary to pursue legal action against

the Debtor. These professionals, along with (i) a description of their occupation (ii) a summary of the aggregate fees and/or expenses incurred for each and (iii) the locations of true and correct copies of the Professional Invoice(s) for each, are set forth below:

| Name | Occupation/Description | Summary of Fees/Expenses Incurred | Supporting Invoices |
|---|---|---|---|
| Law Offices of John F. Isbell, LLC | Outside counsel | $45,688.50 | Declaration of John Isbell, Exhibit A |
| Troutman Pepper Hamilton Sanders LLP | Outside counsel | $297,332.93 | Declaration of Harris Winsberg, Exhibit A |
| Marshall Glade, CPA/Glass Ratner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services | Bay Point's designee under the Injunction Order | $21,370.00 | Declaration of Marshall Glade, Exhibit A |

8.  Following these professionals' respective engagements, Bay Point instructed the professionals to begin working to prosecute the Debtor's fraud in connection with the District Court Action. The Professional Invoices and the respective declarations submitted by the professionals establish that these professionals performed a considerable amount of work on the District Court Action.

## II. Fee & Expense Claim

9.  As a result of the above-listed professionals' efforts in the District Court Action, Bay Point ultimately incurred professional fees and expenses as of March 30, 2021, in the aggregate amount of $364,391.43. As of the date of this Declaration, Bay Point has paid these amounts in full.

10. It is my opinion as a representative of Bay Point, the client, that the fees and expenses incurred by the professionals were reasonable under the circumstances and incurred based upon Bay Point's specific direction.

## III. Unpaid Interest & Late Fees Claim

- 3 -

11. Pursuant to the Guaranty agreement between the Debtor and Bay Point, Debtor personally guaranteed the "punctual payment and performance" of the Loan and Loan Documents.

12. The Loan Agreement (as amended or supplemented by the First and Second Forbearance Agreements) entitle Bay Point to interest on the unpaid principal of the loan at a fixed rate of 5% per month until final satisfaction of the debt ("**Regular Interest**"). The Regular Interest began accruing upon delivery of the Loan on September 30, 2020, and accrued on the outstanding unpaid principal of $2,000,000. From September 30, 2020 to March 30, 2021, Regular Interest accrued in the amount of $600,000.

13. The Loan Agreement (as amended or supplemented by the First Forbearance Agreement) also entitled Bay Point to additional interest of 5% per annum, in addition to the Regular Interest, from and after the occurrence and during the continuance of any default under the Loan Documents ("**Initial Default Interest**"). The Initial Default Interest accrued from November 4, 2020 to December 11, 2020 on the outstanding unpaid principal of $2,000,000.

14. Pursuant to the Loan Agreement (as amended or supplemented by the First and Second Forbearance Agreements), Bay Point and Debtor agreed that Bay Point was entitled to additional interest of 20% per annum, in addition to the Regular Interest, from and after the occurrence and during the continuance of any default under the Loan Documents ("**Subsequent Default Interest**"). The Subsequent Default Interest accrued from December 12, 2020 to March 30, 2021 on the outstanding unpaid principal amount of $2,000,000.

15. From November 4, 2020 to March 30, 2021, the Initial Default Interest and the Subsequent Default Interest accrued in the collective amount of $131,388.89.

16. Furthermore, the Loan Agreement (as amended or supplemented by the First and Second Forbearance Agreements) entitled Bay Point to charge interest of 20% per annum on the outstanding unpaid principal of $2,000,000 ("**Post-Bankruptcy Interest**"). The Post-Bankruptcy Interest accrued and is accruing from March 31, 2021 through October 19, 2021 on the outstanding unpaid principal of $2,000,000.

17. From March 31, 2021 to October 19, 2021, the Post-Bankruptcy Interest has accrued, and will continue to accrue, in the amount of $225,555.56.

18. Accordingly, as of October 19, 2021, prejudgment interest will have accrued against the Debtor in the aggregate sum of $956,944.44.

19. Pursuant to the Loan Agreement (as amended or supplemented by the First and Second Forbearance Agreements), the Debtor also incurred several late fees, including: (1) a late fee of $10,000 as a result of the Debtor's failure to make the October 31, 2020 payment; (2) a late fee of $10,000 as a result of the Debtor's failure to make the November 30, 2020 payment; and (3) a late fee of $200,000 as a result of Debtor's failure to pay the full amount of indebtedness on the loan's accelerated maturity date of December 11, 2020. Collectively, the Debtor has accrued late fees in the sum of $220,000.

20. I reserve the right to supplement the evidence showing its attorneys' fees and expenses incurred in preparing and pursuing its motion.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

*Signature on following page*

Executed on September 14, 2021, at Atlanta, Georgia.

_____
Kevin Brawner